UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                                          :
U.S. BANK NATIONAL ASSOCIATION, AS            :
TRUSTEE FOR THE REGISTERED HOLDERS OF      :
WELLS FARGO COMMERCIAL MORTGAGE           :
SECURITIES, INC., MULTIFAMILY MORTGAGE       :           25-CV-6969 (JMF)
PASS-THROUGH CERTIFICATES, SERIES 2015-K46, :
                                                          :
                              Plaintiff,                  :           MEMORANDUM OPINION
                                                          :                AND ORDER
         -v-                                              :
                                                          :
318 EAST ASSOCIATES, LLC, et al,                    :
                                                          :
                              Defendants.                 :
                                                          :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        Per the Case Management Plan and Scheduling Order ("CMP"), discovery in this case

closed on January 29, 2026. *See* ECF No. 36 ("CMP"), ¶ 8(b). By letter-motion filed the day

before that deadline, Defendants 318 East Associates, LLC and David Amirian requested an

extension of that deadline, citing their need for certain materials. *See* ECF No. 46. In a letter

filed the next day, Plaintiff opposed the request, revealing, among other things, that Defendants

had, as of January 28, 2026, "yet to serve any discovery demands on Plaintiff." ECF No. 48, at

1. According to Plaintiff, "[t]he first time Defendants' counsel even attempted to request

anything from Plaintiff" was January 27, 2026, "via email" in response to a draft letter from

Plaintiff proposing amendments to the summary judgment briefing schedule. *Id.*

        Defendants' request for an extension is DENIED. First, under Rule 16 of the Federal

Rules of Civil Procedure, "[a] schedule may be modified only for good cause and with the

judge's consent." Fed. R. Civ. P. 16(b)(4). Significantly, "[a] finding of good cause depends on

the diligence of the moving party." *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003).  Here, Defendants do not — and cannot — show good cause, as they failed to make *any* discovery requests until the eve of the close of discovery.  Moreover, they did so despite the Court's admonitions in the CMP that "[t]he parties should not anticipate extensions of the deadlines for . . . discovery" and that "any" motion for an extension "must be filed before the relevant deadline and must explain why, *despite the parties' due diligence*, discovery could not be completed by the relevant deadline."  CMP ¶ 8(e) (emphasis added); *see also id.* at 7 ("Any application to modify or extend the dates herein . . . shall be made in a written application in accordance with Court's Individual Rules and Practices for Civil Cases and shall be made no fewer than two (2) business days prior to the expiration of the date sought to be extended.  Absent exceptional circumstances, extensions will not be granted after deadlines have already passed.").[1]

Second, the Court concludes, substantially for the reasons stated in Plaintiff's response, that Defendants are unlikely to need the materials they purport to seek, either because the materials have been produced (or will be produced in connection with Plaintiff's anticipated summary judgment motion) separately or because the materials are not likely to bear on the issues in dispute.  If, upon seeing Plaintiff's forthcoming motion for summary judgment, Defendants conclude that there are facts essential to their opposition that are unavailable to them, they may file an affidavit or declaration pursuant to Rule 56(d) of the Federal Rules of Civil

---

[1]    Defendants contend that a brief extension of the discovery deadline "will not further delay this action or prejudice Plaintiff" given that Plaintiff only recently served Defendant Eric Brody.  ECF No. 46, at 1; *see also* ECF Nos. 39, 41-42.  But the delay in joining Brody as a Defendant does not excuse the appearing Defendants' complete lack of due diligence.  Moreover, it remains to be seen whether Brody appears.  If, as Plaintiff seems to expect, *see* ECF No. 45, at 1, Brody defaults, there is no reason to delay Plaintiff's anticipated motion for summary judgment against the appearing Defendants.

Procedure and seek appropriate relief in their opposition papers.

For the foregoing reasons, Defendants' letter-motion is DENIED.  Additionally, the pretrial conference scheduled for February 10, 2026, is hereby ADJOURNED to **February 11, 2026**, at **10:00 a.m.**  To access the conference, counsel should call the Court's conference call line at (855) 244-8681 and use access code 2303 019 3884, followed by the pound (#) key. When prompted for an attendee ID number, press the pound (#) key again.  Members of the press and public may call the same number, but will not be permitted to speak during the conference. The parties are reminded to follow the procedures for telephone conferences described in the Court's Individual Rules and Practices, which are available at https://nysd.uscourts.gov/hon-jesse-m-furman, including Rule 3(B)(i), which requires the parties, **no later than 24 hours before the conference**, to send a joint email to the Court with the names and honorifics (e.g., Mr., Ms., Dr., etc.) of counsel who may speak during the teleconference and the telephone numbers from which counsel expect to join the call.  The parties are further reminded that, per the CMP, they shall file a joint status letter no later than **Thursday**.  *See* CMP 6.

SO ORDERED.

Dated: February 2, 2026
      New York, New York

                    JESSE M. FURMAN
                    United States District Judge

3