UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                             :
U.S. BANK NATIONAL ASSOCIATION, AS                           :
TRUSTEE, AS TRUSTEE FOR THE                                  :
REGISTERED HOLDERS OF WELLS FARGO                            :
COMMERCIAL MORTGAGE SECURITIES, INC. :
MULTIFAMILY MORTGAGE PASS-THROUGH            :
CERTIFICATES, SERIES 2015-K46 ,                              :    Civil Action No 1:25-cv-06969-JMF
                                                             :
                        Plaintiff,                           :
                                                             :
        - against -                                          :
                                                             :
318 EAST ASSOCIATES, LLC, DAVID                              :
AMIRIAN, ERIC BRODY, and "JOHN DOE" NO.    :
1 THROUGH "JOHN DOE" NO. 100, the names of :
the "John Doe" Defendants being Fictitious and               :
Unknown to Plaintiff, the Persons and Entities               :
Intended Being Those Who May Be in Possession          :
of, or May Have Possessory Liens or Other Interests :
in, the Premises Herein Described,                           :
                                                             :
                        Defendants.                          :
------------------------------------------------------------ x

### MEMORANDUM OF LAW IN SUPPORT OF CONSENT MOTION
### TO CONFIRM RECEIVER SALE OF PROPERTY

Plaintiff U.S. Bank National Association as Trustee for the Registered Holders of Wells Fargo

Commercial Securities, Inc. Multifamily Mortgage Pass-Through Certificates, Series 2015-K46

("Plaintiff"), Matthew D. Mason of Hilco Real Estate, LLC ("Receiver" and, collectively, with

Plaintiff, the "Movants"), Receiver of the assets of Defendant 318 East Associates, LLC, and

Defendants 318 East Associates, LLC ("Borrower"), David Amirian ("Amirian"), and Eric Brody

("Brody" and, together with Borrower and Amirian, collectively, "Defendants" and Defendants,

together with Plaintiff and Receiver, collectively, "Movants") respectfully submit this

memorandum in support of their consent motion to confirm the private sale of that certain real

326544623v.3

property and improvements located at and commonly known as 316 East Third Street, New York, New York 10009, and more particularly described as Block 372, Lots 31 and 32 on the tax map of the Borough of Manhattan and the County, City, and State of New York (as more particularly described in **Exhibit "1"** annexed hereto and incorporated herein, "Property"). The transaction described herein maximizes the recovery for the Plaintiff and provides a surplus to the receivership estate, which, in turn, should provide some proceeds to Defendants. Movants respectfully requests the Court confirm the sale of the Property described herein and in support thereof, submit the following, along with the Declaration of Matthew D. Mason in Support of Motion to Confirm Sale (the "Receiver Declaration") annexed hereto and incorporated herein as **Exhibit "2**," and the Declaration of Vickram Jambu in Support of Motion to Confirm Sale (the "Broker Declaration") annexed hereto and incorporated herein as **Exhibit "3**."

**BACKGROUND**

On August 22, 2025, Plaintiff, the holder and owner of a commercial mortgage loan in the original principal amount of $13,000,000.00 made to Borrower on or about January 28, 2015, and secured by the Property (the "Loan"), commenced this action by filing its Verified Complaint seeking foreclosure of the Property against Borrower and, if applicable, a deficiency judgment against Amirian and Brody. That same date, Plaintiff made its request for an order appointing a receiver, which request the Court granted on September 18, 2025 with its entry of the Order Appointing Receiver [Dkt. No. 18] (the "Receiver Order"), a true and correct copy of which is annexed hereto and incorporated herein as **Exhibit "4."**

Based on an appraisal of the Property dated June 6, 2025, the appraised value of the Property is $12,900,000.[1] (*See* Receiver Dec. ¶ 7.)

---

[1] Due to the size of the appraisal, it was not included as an exhibit but is available upon request.

326544623v.3

Paragraph 21 of the Receiver Order allows the Receiver, at Plaintiff's request and with Plaintiff's approval, to "list or otherwise advertise all or a portion of the Borrower's Assets for sale with a national brokerage firm." (*See* Receiver Order ¶ 21.)

Pursuant to such authority, Receiver retained Jones Lang LaSalle Americas, Inc. as broker of the Property (the "Broker") pursuant to that certain Exclusive Listing Agreement dated as of February 9, 2026 (as annexed hereto and incorporated herein as **Exhibit "5"**, the "Listing Agreement"). (*See* Receiver Dec. ¶¶ 8-9.)

Broker began publicly marketing the Property on February 25, 2026 by sending an email distribution to 8,600 potential investors in the New York City multifamily investment community. (*See* Broker Declaration at ¶ 9.)

The marketing campaign included posting the Property listing to Broker's website and investor center, sending the mass email distributions on the additional dates of March 3, 2026, and March 18, 2026, and making hundreds of direct phone calls to potential investors. (*See Id*. at ¶ 10.)

There were 116 data entries, and Broker received 116 executed confidentiality agreements and conducted 18 tours of the Property with potential investors. (*See Id*. at ¶ 11.)

Broker scheduled a call for offers on March 18, 2026, and set April 9, 2026 as the initial deadline for offers. (*See Id*. at ¶ 12.)

Broker received 12 total offers including 8 letters of intent in the first round of offers including an offer from East Village East LLC, a New York limited liability company ("Buyer"). (*See Id*. at ¶ 13.)

The top bidders were invited to submit best offers in a final round of bidding set for April 16, 2026. (*See Id*. at ¶ 14.)

326544623v.3

After Broker negotiated with interested parties, Receiver ultimately accepted the offer tendered by Buyer, which offer was the highest and best offer. (*See Id.*; Receiver Dec. ¶¶ 12-13.)

Receiver and Buyer have entered into that certain Agreement for Sale and Purchase of Property (a true and correct copy of which is annexed hereto and incorporated herein as **Exhibit "6"**, the "Agreement") in an arms-length transaction, whereby Buyer has agreed to pay the sum of Fourteen Million One Hundred Fifty Thousand Dollars ($14,150,000) (the "Purchase Price") to purchase the Property. (*See* Exhibit 6 at ¶ 1.1(h), 3.2; Broker Declaration at ¶ 16.)

As of March 31, 2026, the outstanding debt due to Plaintiff is approximately $12,253,202.76.[2] Accordingly, based on Receiver's efforts, Receiver has negotiated a sale price that has exceeded the amount due, even after accounting for an additional two months of interest accruing at the Loan's default rate and the Receiver's expenses incurred in retaining the Broker and the undersigned counsel to assist him in marketing and selling the Property.  (See Receiver Dec. ¶ 14.)

The closing date under the Agreement is the later of sixty (60) days after the effective date of the Agreement or ten (10) business days after the Court has approved the sale.  Thus, time is of the essence. (See Receiver Dec. ¶ 16.)

In order to facilitate an orderly closing of the proposed sale, Movants request in the order approving the Motion, that Receiver be authorized to close a sale to Buyer that is within five hundred thousand dollars ($500,000.00) of the Purchase Price without the need for further order of Court to address, if necessary, adjustments and prorations to the Purchase Price as contemplated in the Agreement, including adjustments and prorations that are customary and usual in similar real estate transactions. In no event will any adjustments authorized herein bring the Purchase Price to an amount that is less than two-thirds of the appraised value of the Property. (See Receiver Dec. ¶ 17.)

---

[2] On May 7, 2026, Plaintiff filed a motion and memorandum for summary judgment asserting the amount due [Dkt. No. 88].

326544623v.3

Accordingly, Movants seek entry of an order approving the Agreement and sale of the Property to Buyer.

**DISCUSSION**

Receiver's authority is "wholly determined by the order of the appointing court." *Federal Home Loan Mortg. Corp. v. Spark Tarrytown, Inc.*, 829 F.Supp. 82, 85 (S.D. N.Y. 1993); *see also F.D.I.C. v. Berstein*, 786 F. Supp 170, 177 (E.D. N.Y. 1992) (stating "a district court has extremely broad discretion in supervising an equity receivership and in determining the appropriate procedures to be used in its administration").

The Receiver Order allows the Receiver to market and sale the Property.  Paragraph 21 of the Receiver Order provides that, upon request of Plaintiff, "the Receiver is authorized to . . . list or otherwise advertise all or a portion of the Borrower's Assets for sale . . . solicit offers to purchase all or a portion of the Borrower's Assets . . . and file a motion [] for permission to sell all or any portion of Borrower's Assets in accordance with the applicable provisions of 28 U.S.C. §§ 2001 and 2004."

Section 2001(b) provides that

> After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby.

28 U.S.C. § 2001(b).

Additionally, Section 2004 allows the Court the discretion to modify the requirements of 2001(b).  *See* 28 U.S.C. § 2004 (stating "[a]ny personalty sold under any order or decree of any court of the United States shall be sold in accordance with section 2001 of this title, ***unless the court orders otherwise***") (emphasis added).

**<u>Request for Waiver of § 2001(b) Notice Requirements</u>**

By this Motion, Movants are requesting the Court waive the notice requirements of 2001(b). Section 2001(b) generally requires notice of the terms of a private receiver sale "at least ten days before confirmation" of such sale. All three named defendants have notice of and consented to the sale of the Property. A true and correct copy of the Stipulation and Consent by the named defendants in this action to the sale of the Property is annexed hereto and incorporated herein as **Exhibit "7"**. Further, as shown in the Broker's Affidavit, the Property was subjected to extensive marketing including, among other things, publicly posting the Property for sale on JLL's website, and an email and direct mail outreach. (*See* Broker Dec. ¶¶ 9-12.) There was also a general call for offers, multiple bidders, and negotiations with multiple parties. (*See Id*. ¶¶ 12-15.) Accordingly, the marketing of the Property achieved the goals of the Notice requirement of 2001(b).

**<u>Request for Waiver of § 2001(b) Appraisal Requirements</u>**

By this Motion, Movants are also requesting the Court waive the appraisal requirements of 2001(b). On June 6, 2025, Plaintiff obtained an appraisal of the Property which set the appraised value at $12,900,000. (*See* Receiver Dec. ¶ 7.) Pursuant to Section 2001(b), a private receiver sale cannot be confirmed at a price less than two-thirds of the appraised value." Here, the Purchase Price in this matter exceeds the amount of the appraisal. Further, discussed above, the Property was subjected to extensive marketing. Time is of the essence to achieve the benefits to the receivership estate as described herein. (See Receiver Dec. ¶ 16.) The property received full market exposure and the proposed sale price reflects the fair market value of the property. Accordingly, Receiver believes good cause exists to confirm the sale to the Buyer at the Purchase Price and under the terms of the Agreement without additional appraisals.[3]

---

[3] Based on the same reasoning, Receiver requests the Court not set procedures for additional bidding on the Property.

326544623v.3

**Best Interests of the Estate**

The Purchase Price exceeds the amount of the debt owed to Plaintiff resulting in a surplus obtained for the receivership estate. All parties agree that Receiver's efforts resulted in a beneficial result for the receivership estate.  Failing to confirm the sale risks the benefits obtained.  The Receiver, in the exercise of his business judgment, and with the consent of Plaintiff and all Defendants, respectfully submits that the proposed sale is in the best interests of the receivership estate. *See Golden Pacific Bancorp v. F.D.I.C.*, Case No. 95-cv-9281, 2002 WL 31875395 *9 (S.D. N.Y. Dec. 6, 2002) (stating "receivers . . . are entitled to the deference of the business judgment rule").

**CONCLUSION**

Based on the foregoing, the Movants respectfully request that this Court enter the Consent Order substantially in the form filed simultaneously herewith approving the Agreement, authorizing the Receiver to sell the Property to Buyer pursuant to the terms and conditions of the Agreement, and grant the Receiver such other relief it deems just and proper.

Dated:  June 18, 2026
      New York, New York

Respectfully submitted,

SEYFARTH SHAW LLP

By:    */s/ James S. Yu*
      James S. Yu
620 Eighth Avenue
New York, New York 10018-1405
Telephone: (212) 218-5500
Facsimile: (212) 218-5526
jyu@seyfarth.com

*Attorneys for Receiver*

326544623v.3