UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

——————————————————————————— x
                                            :
U.S. BANK NATIONAL ASSOCIATION, AS          :
TRUSTEE, AS TRUSTEE FOR THE                 :
REGISTERED HOLDERS OF WELLS FARGO           :
COMMERCIAL MORTGAGE SECURITIES, INC.        :
MULTIFAMILY MORTGAGE PASS-THROUGH           :
CERTIFICATES, SERIES 2015-K46 ,             :     Civil Action No 1:25-cv-06969-JMF
                                            :
                Plaintiff,                  :
                                            :
        - against -                         :
                                            :
318 EAST ASSOCIATES, LLC, DAVID             :
AMIRIAN, ERIC BRODY, and "JOHN DOE" NO.     :
1 THROUGH "JOHN DOE" NO. 100, the names of  :
the "John Doe" Defendants being Fictitious and :
Unknown to Plaintiff, the Persons and Entities :
Intended Being Those Who May Be in Possession :
of, or May Have Possessory Liens or Other Interests :
in, the Premises Herein Described,          :
                                            :
                Defendants.                 :
——————————————————————————— x

## ~~PROPOSED~~ CONSENT ORDER CONFIRMING RECEIVER SALE OF PROPERTY

On the consent motion of Matthew D. Mason of Hilco Real Estate, LLC ("Receiver"),

Plaintiff U.S. Bank National Association, as Trustee ("Trustee"), for the Registered Holders of

Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through

Certificates, Series 2015-K46 (the "Trust") (Trustee, as trustee of the Trust, shall be referred to

hereafter as "Plaintiff"), acting by and through Trimont, LLC, as Special Servicer under that

certain Pooling and Servicing Agreement dated as of June 1, 2015, and Defendants 318 East

Associates, LLC ("Borrower"), David Amirian ("Amirian"), and Eric Brody ("Brody" and,

together with Borrower and Amirian, collectively, "Defendants") for an Order to Confirm Receiver

Sale of Property by private sale (the "Motion"), the Court has reviewed and considered (1) the

Memorandum of Law in Support of Motion to Confirm Receiver Sale of Property, and the exhibits thereto; (2) the Declaration of Matthew D. Mason in Support of Motion to Confirm Receiver Sale of Property (the "Receiver Declaration"); and (3) the Declaration of Vikram Jambu in Support of Motion to Confirm Receiver Sale of Property (the "Broker Declaration").

Based on consideration of the foregoing, the Court makes the following findings:

A.      Proper and sufficient notice of the Motion has been provided. No other or further notice is required, and a reasonable opportunity to object or be heard regarding the relief requested in the Motion and the transactions pursuant thereto has been afforded to all interested persons and entities entitled to notice of the Motion.  The Court further notes that all named defendants have stipulated and consented to sale of the Property to Buyer.

B.      The Parties have proven that the efforts of Receiver and Broker have established the true market for the Property and have maximized the recovery for the Property, and accordingly, the Court waives the notice, appraisal, and additional bidding requirements of 28 U.S.C. § 2001(b).

C.      A proper showing has been made for the relief granted herein because the Receiver, in the exercise of his business judgment, has determined that the Agreement for Sale and Purchase of Property (the "Agreement") between Receiver and East Village East LLC ("Buyer") present a reasonable price for that certain real property and improvements located at and commonly known as 316 East Third Street, New York, New York 10009, and more particularly described as Block 372, Lots 31 and 32 on the tax map of the Borough of Manhattan and the County, City, and State of New York (as more particularly described in **Exhibit "1"** annexed hereto and incorporated herein, the "Property") and confirmation of the sale contemplated in the Agreement represents the best interests of the receivership estate.

Upon review of the Motion, with the consent of Plaintiff, Defendants and Receiver, and for good cause shown, it is:

**IT IS HEREBY ORDERED** that the Receiver has the authority to sell the Property and convey good and merchantable title to the same.

**IT IS FURTHER ORDERED** that the sale of the Property contemplated in the Agreement for the price of $14,150,000.00 (the "Purchase Price") is hereby confirmed pursuant to the terms of the Agreement free and clear of all claims, liens, and encumbrances thereon and interests therein except as otherwise set forth in the Agreement and any attachments thereto or amendments and modifications thereof.

**IT IS FURTHER ORDERED** that the Receiver is hereby authorized to take any action and execute any documents he may deem appropriate and/or necessary in closing sale and transferring merchantable title to the Property to Buyer or any of its designees, nominees, assignees or transferees.

**IT IS FURTHER ORDERED** that, in order to facilitate an orderly closing of the proposed sale, Receiver is authorized to close a sale to Buyer that is within five hundred thousand dollars ($500,000.00) of the Purchase Price without the need for further order of Court to address, if necessary, adjustments and prorations to the Purchase Price as contemplated in the Agreement, including adjustments and prorations that are customary and usual in similar real estate transactions.

**IT IS FURTHER ORDERED** that, after the sale of the Property is closed, Defendants shall be entitled to receive all proceeds from the sale remaining, if any, after payment to Plaintiff or receiver, as applicable, of (i) all amounts due under its Loan and Loan Documents, as defined in Plaintiff's Verified Complaint, which shall include interest on the unpaid principal balance of the Loan accruing at the Default Rate of 7.53% *per annum* through and including the date on which this Order is entered;

LEGAL/51397328v4

(ii) all of Receiver's fees, including, but not limited to, any and all fees and commissions earned by any brokers employed by the Receiver; (iii) all property and transfer taxes; and (iv) all costs and fees incurred by Plaintiff and Receiver, including, but not limited to, attorneys' fees (the "Excess Proceeds"), and such Excess Proceeds shall be promptly remitted to Defendants by Plaintiff/and or Receiver without the need for a further motion or Order of the Court.

**IT IS FURTHER ORDERED** that in the event the Property sells for the Purchase Price of $14,150,000.00 as stated in the Agreement, Defendants shall receive from Plaintiff and/or Receiver a sum of no less than one hundred fifty thousand dollars ($150,000.00). If the sale of the Property does not result in net excess proceeds of $150,000.00 after the payment of all attendant cost and expenses detailed in the preceding paragraph, Plaintiff shall pay Defendants the sum of $150,000.00 less any funds disbursed to Defendants from the sale of the Property. If the Property is sold for any amount less than $14,150,00.000, Defendants shall not be guaranteed any proceeds of the sale but will be entitled to any such excess proceeds that may exist as detailed in the preceding paragraph.

**IT IS FURTHER ORDERED** that in the event the Property is sold for any amount less than $14,150,00.00 and Plaintiff thereafter moves for a deficiency judgment against Amirian and/or Brody, nothing in this Order shall be deemed to waive, limit, or impair any objection or defense that Amirian and/or Brody may assert in opposition to such motion, and all such objections and defenses are expressly preserved.

**IT IS FURTHER ORDERED** that this Court shall retain exclusive jurisdiction to enforce the terms and conditions of the Agreement.

**IT IS FURTHER ORDERED** that the terms of the Order shall be binding upon each of (i) the Receiver, (ii) Buyer and any of its assignees, nominees, transferees or designees that take title to the Property, (iii) the Defendants in the above captioned matter, (iv) any holder of a claim against or

interest in the receivership estate, and (vi) any other person receiving notice of the Motion and any affiliates, successors, or assigns of any of the foregoing.

**IT IS FURTHER ORDERED** that by consenting to the entry of this Order, Defendants hereby have irrevocably waived their right to appeal this Order and to file any motion in this Court to reconsider, vacate, or otherwise alter this Order.

**IT IS FURTHER ORDERED** that the terms of this Order shall be immediately enforceable and the parties to the Agreement may close the sale transaction contemplated therein at any time after entry this Order.

**SO ORDERED.**

Dated: June 23, 2026
        New York, New York

_____

Hon.  Jesse M. Furman
United States District Court Judge

The Clerk of Court is directed to terminate ECF No. 92.

LEGAL/51397328v4

**EXHIBIT 1**

## LEGAL DESCRIPTION

ALL that certain plot, piece, or parcel of land, situate lying and being in the Borough of Manhattan, County, City and State of New York, bounded and described as follows:

**Parcel 1:**

BEGINNING at the point at the southerly side of 3r$^{d}$ Street distant 138 feet 2 inches westerly from the Southwest corner of $^{3rd}$ Street and Avenue D;

RUNNING THENCE southerly parallel with Avenue D, 75 feet;

THENCE westerly parallel with 3r$^{d}$ Street, 22 feet 6 inches;

THENCE northerly parallel with Avenue D, 75 feet to the southerly side of $^{3rd}$ Street;

THENCE easterly along the southerly side of $^{3rd}$ Street, 22 feet 6 inches to the point or place of BEGINNING.

**Parcel 2•**

Said premises being known and designated on the Tax Map of the City of New York, for the Borough of Manhattan, as said Tax Map was on July 7, 1977, Block 372, Lot 32 and being bounded and described as follows:

BEGINNING at a point on the southerly side of $^{3rd}$ Street distant 112 feet westerly from the Southwest corner of 3r$^{d}$ Street and Avenue D;

RUNNING THENCE southerly parallel with Avenue D, and part of the distance through a party wall, 75 feet;

THENCE easterly parallel with 3r$^{d}$ Street, 19 feet;

THENCE southerly parallel with Avenue D, 30 feet 11-1/2 inches;

THENCE westerly parallel with 3r$^{d}$ Street, 67 feet 8 inches;

THENCE northerly parallel with Avenue D, 30 feet 11-1/2 inches;

THENCE easterly parallel with 3r$^{d}$ Street, 22 feet 6 inches;

THENCE northerly parallel with Avenue D 75 feet to the southerly side of 3r$^{d}$ Street;

THENCE easterly along the southerly side of 3r$^{d}$ Street, 26 feet 2 inches to the point or place of BEGINNING.

**<u>Composite Description:</u>**

BEGINNING at a point on the southerly side of 3rd Street, distant 112 feet westerly from the southwest corner of 3rd Street and Avenue D;

RUNNING THENCE southerly parallel with Avenue D and part of the distance through a party wall, 75 feet

THENCE easterly parallel with 3rd Street, 19 feet;

THENCE southerly parallel with Avenue D, 30 feet 11-1/2 inches;

THENCE westerly parallel with 3rd Street, 67 feet 8 inches;

THENCE northerly parallel with Avenue D, and part of the distance through a party wall, 105 feet 11-1/2 inches to the southerly side of 3rd Street 75 feet to the southerly side of 3rd Street; THENCE easterly along the southerly side of 3rd Street, 48 feet 8 inches to the point or place of BEGINNING.